ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 SEP 21 A 10 56

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| ANTHONY JONES, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) CV 312-070 |
| FNU THOMPSON, Sergeant, and SAM | ) |
| OLENS, Attorney General of the State of | ) |
| Georgia, | ) |
| | ) |
| Respondents.[1] | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, however, did not pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis* ("IFP"). On July 27, 2012, the Clerk sent Petitioner a deficiency notice informing him of the requirement for filing an IFP motion or paying the

---

[1] Petitioner has named Sergeant Thompson as a respondent in this case. The only proper respondent in a habeas corpus action when the petitioner is currently in custody under a state-court judgment, however, is the state officer who has custody. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. This is generally the warden of the institution where the petitioner is incarcerated. See id., 1976 advisory committee notes. According to the Georgia Department of Corrections' online directory, the warden of ASMP is Dennis Brown, not Sergeant Thompson. Indeed, though it is not entirely clear, it appears that Petitioner is attempting to challenge the disciplinary process at ASMP rather than his underlying conviction in the Superior Court of Laurens County. (See doc. no. 1, pp. 3-4, 6-7.) In any event, the Court's determination that the instant petition is subject to dismissal because Petitioner has not submitted the filing fee or a motion to proceed IFP makes it unnecessary for the Court to make any definitive finding regarding who the proper respondent is in this action.

$5.00 fee within twenty-one (21) days. (Doc. no. 2.)

Petitioner failed to respond to the July 27, 2012 deficiency notice. Accordingly, on August 22, 2012, the Court granted Petitioner fourteen (14) additional days to comply with the terms of the July 27, 2012 deficiency notice. (See doc. no. 3.) Petitioner was warned that his failure to comply in a timely fashion with the Court's Order could result in a recommendation that his case be dismissed. The time to respond has passed, and Petitioner has not submitted the filing fee or a motion to proceed IFP as required by the Court's August 22, 2012 Order, nor has he provided the Court with any explanation why he has not complied.

In order to properly commence a § 2254 action, Petitioner must either pay the $5.00 or move to proceed IFP. Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00). Petitioner has been warned that failing to return the filing fee or a motion to proceed IFP might result in dismissal without prejudice. As Petitioner has neither paid the filing fee, nor submitted a motion to proceed IFP, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 20th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE